# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned On Briefs February 16, 2012

## CITY OF KNOXVILLE v. BOYCE MCCALL

**Direct Appeal from the Chancery Court for Knox County**
**No. 1784222      Daryl R. Fansler, Chancellor**

_____

**No. E2011-01884-COA-R3-CV - Filed March 1, 2012**

_____

This is a case involving a prescriptive easement. The City of Knoxville filed a petition for an injunction against the Appellant, alleging that he was obstructing a public alley that was created by a valid prescriptive easement on his property. The Appellant answered, denying that the City of Knoxville had any right to use his property as an alley and asserting a counterclaim for damages and attorney fees. The trial court found a valid prescriptive easement, and enjoined the Appellant from blocking the alley. The Appellant appeals. Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3. Appeal as of Right; Appeal is Dismissed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Boyce McCall, for appellant, pro se.

Lisa Belle Hatfield, Knoxville, Tennessee, for the appellee, City of Knoxville.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. Background

Defendant/Appellant Boyce McCall purchased the property located at 3011 Johnson Street, Knoxville, Tennessee ("the subject property") on July 28, 2000 from the Plaintiff/Appellee City of Knoxville ("the City"). The property was conveyed through a quitclaim deed, which was recorded in the office of the Knox County Register of Deeds.

At the time of the purchase, a portion of an adjacent alley crossed the subject property in order to make a radial ninety degree turn onto another alley behind the subject property. The alley adjacent to the subject property was created in 1950 when an adjacent property owner, Lonsdale M.E. Church ('the Church'), requested that the City close a portion of the public alley running behind the subject property so that the Church could expand. In exchange for the partial closure of the alley behind the subject property, the Church donated to the City a piece of property adjacent to the subject property, which was used to create the ten-foot wide alley still in use today. In June 1950, the Knoxville City Council closed the portion of the public alley by Ordinance # 1919 and the Church conveyed, by quitclaim deed, the property, upon which the new alley was created. It is undisputed that the quitclaim deed to the property obtained by the City in the exchange was not properly recorded in 1950; in fact, the quitclaim deed to that property was not recorded until the issue was brought to the City's attention in 2008, eight years after Mr. McCall purchased the subject property.

The newly-created alley encroaches approximately twelve feet at its widest part onto Mr. McCall's property in order to make a ninety degree turn. According to the City, the alley remained largely unchanged from 1950 until 2009.

On or about October 20, 2009, Mr. McCall installed metal posts on his property, which completely obstructed vehicle use of the paved portion of the alley. On March 17, 2010, the City sent a letter to Mr. McCall requesting removal of the posts from the alley by March 25, 2010. Mr. McCall declined to remove the posts.

On August 10, 2010, the City filed a Petition for Temporary and Permanent Injunctive Relief against Mr. McCall, which was amended on September 13, 2010. The amended complaint averred:

> The City claims a dedicated or prescriptive easement for use as a public alley in the current location of the Public Alley including that portion of the Property necessary to make the turn onto Johnson Street through approximately sixty (60) years of open adverse, under claim of right, continuous, uninterrupted, visible, exclusive, and with knowledge or acquiescence of the owner of the servient tenement of said use.

The complaint further alleged that Mr. McCall's action in blocking the alley amounted to violations of both the Knoxville City Code and Tennessee Code Annotated and constituted a nuisance.

Mr. McCall filed an answer denying the material allegations set forth in the City's complaint on September 13, 2010. In his answer, Mr. McCall, who appeared *pro se* in the trial court and on appeal, also asserted what he deemed a "Permissive Counterclaim" against the City, seeking damages and attorney fees. In the counterclaim, Mr. McCall alleged a violation of his rights that caused him to suffer "immediate and irreparable injury, loss and damage." The City filed a response to the Counterclaim, denying that Mr. McCall was entitled to any relief.

A trial was held on May 12 and May 17, 2011. At trial, Mr. McCall argued that the current litigation should be transferred to Part I of the Knox County Chancery Court, where a prior dispute between Mr. McCall and the City, concerning water run-off, had been decided. The trial court, however, declined to transfer the case to another division and ordered the parties to proceed. During the trial, the City limited its proof to its claim that the City held a prescriptive easement on the subject property for use as an alley. At the conclusion of the May 17, 2011 trial, the trial court orally ruled that the City had a proper prescriptive easement on Mr. McCall's property, enjoined Mr. McCall from blocking the easement and granted the City the authority to remove the posts currently blocking vehicle use of the alley.

On August 25, 2011, Mr. McCall filed a "Motion for Relief from Judgments or Orders," arguing that the trial court's decision was in contravention of the Tennessee Constitution, Article I, Section 1[2] and Tennessee Rule of Civil Procedure 60.[3]

---

[2]Tennessee Constitution, Article I, Section 1 provides:

That all power is inherent in the people, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; for the advancement of those ends they have at all times, an unalienable and indefeasible right to alter, reform, or abolish the government in such manner as they may think proper.

[3] Tennessee Rule of Civil Procedure 60.01 provides:

Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with

(continued...)

The trial court entered an "Order and Final Judgment" on September 12, 2011, incorporating by reference his earlier oral rulings. The order states, in pertinent part:

IT IS HEREBY ORDERED that

1.   The Defendant is enjoined from blocking the paved portion of the alleyway running from Ambrose Street in a southerly direction and exiting on Johnson Street in an easterly direction.
2.   The City is immediately authorized to remove the metal posts from the Public Alley, open the alleyway for traffic and maintain its passability.
3.   The City's request for attorney fees, damages and discretionary costs is denied.

IT IS FURTHER ORDERED that costs are taxed to the Defendant for which execution may issue if necessary.

Mr. McCall appeals, raising the following issues, which we restate:

1.   Whether the trial court erred in finding that the City possessed a

---

[3](...continued)
leave of the appellate court.

Tennessee Rule of Civil Procedure 60.02 provides:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

prescriptive easement on the property owned Mr. McCall?

2. Whether the trial court erred in failing to require the City to provide proof of all the factors required to prove a prescriptive easement?

3. Whether the trial court erred by ignoring the doctrine of ripeness, in determining a particular justiciable issue?

4. Whether the trial court erred in granting the City exclusive right to a portion of property owned by Mr. McCall, thus preventing Mr. McCall from exercising his legal rights as owner?

5. Whether the trial court erred in being biased and distracted during the trial?

6. Whether the trial court erred in his repeated verbal attacks upon Mr. McCall?

7. Whether the trial court erred by hearing this case, knowing that another matter between the parties had been adjudicated by another division of chancery court?

8. Whether the trial court erred in denying Mr. McCall due process by failing to hear his counterclaim?

## II. Analysis

Before we can address the merits of Mr. McCall's appeal, we must first determine whether this matter is properly before us for appellate review. Rule 13 of the Tennessee Rules of Appellate Procedure provides that our "review generally extends only to those issues presented for review. [We] shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." *See* Tenn. R. App. P. 13(b). We "cannot exercise jurisdictional powers that have not been conferred directly to [us] expressly or by necessary implication." ***Tennessee Envtl. Council v. Water Quality Control Bd.***, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citations omitted). Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared that the Court does not have jurisdiction, because we could find nothing in the record reflecting that the trial court adjudicated "Defendant's Permissive Counterclaim" filed by Mr. McCall on September 13, 2010.

The record contains neither a motion to dismiss nor a motion for summary judgment filed on behalf of the City to dispose of Mr. McCall's counterclaim. In addition, the record contains no orders showing that this claim was adjudicated prior to trial. At trial on May 17, 2011, Mr. McCall concluded his closing argument with a statement regarding his counterclaim, indicating that he had not abandoned the claim. However, in the trial court's oral ruling, the trial judge only made findings regarding the City's Petition. Indeed, in the

trial court's purported "Order and Final Judgment" filed September 12, 2011, the trial court granted the City's Petition for Temporary and Permanent Injunctive Relief, but again did not dispose of Mr. McCall's counterclaim.[4] In addition, the order does not contain Tennessee Rule of Civil Procedure 54.02 language designating the order as final and appealable.[5]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Without a final judgment, this Court does not have subject matter jurisdiction. Tenn. R. App. P. 3(a). Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Because the order appealed in this matter is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion.

---

[4] Due to a nearly four month delay in the entry of the judgment in this case, Mr. McCall's August 25, 2011 "Motion for Relief from Judgments or Orders" was filed nearly three weeks prior to the entry of the purported "Order and Final Judgment" in this case. We note that the September 12, 2011 "Order and Final Judgment" does not contain any reference to Mr. McCall's motion, nor is there any indication in the record that the trial court ever specifically ruled on this motion.

[5] Rule 54.02 of Tennessee Rules of Civil Procedure provides:

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the Appellant, Boyce McCall, and his surety.

_____
J. STEVEN STAFFORD, JUDGE